**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**TADARA DONNELL JONES,**

Plaintiff,

v.

**KRAFT HEINZ COMPANY,**

Defendant.

CASE NO. 3:26 CV 2694

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Tadara Donnell Jones filed this action against Kraft Heinz Company. (Doc. 1). It appears the action may be related to employment, as she lists Kraft Heinz Company as a past employer on her Application to Proceed *In Forma Pauperis*. (Doc. 2, at 2).[1] Her Complaint is very brief. Her allegations, in their entirety, state: "ask about 8 hours instead of 12 and was denied found out other was on 8 hour for there [sic] disability." (Doc. 1, at 4). For a legal claim she states, "discrimination of disability." *Id.* at 3. She does not identify the relief she is seeking. *See id.* at 4.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law

1. The Complaint lists Defendant as an employer on the section of the form requesting "spouse's employment history." (Doc. 2).

or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient "to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

Federal Civil Rule 8 requires a plaintiff to submit a short, plain and concise statement of her claims and the relief she is seeking. Fed. R. Civ. P. 8(a). To meet the minimum notice pleading requirements of Rule 8, a complaint must give a defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Plaintiff's Complaint in the instant case does not contain any factual allegations and contains no suggestion of the legal claims she intends to assert. Without these critical elements,

Plaintiff's Complaint does not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is hereby GRANTED; and it is

FURTHER ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2026